## PEOPLE v. PRINCE et al.

(Supreme Court, Appellate Division, Second Department.　March 24, 1911.)

1. ROBBERY (§ 24*)—SUFFICIENCY OF EVIDENCE.
    Evidence *held* to sustain convictions of robbery in the first degree.
    [Ed. Note.—For other cases, see Robbery, Dec. Dig. § 24.*]

2. CRIMINAL LAW (§ 417*)—ADMISSIBILITY OF EVIDENCE.
    In a prosecution for robbery, testimony of the police officer who caused the arrest of accused that, before he started his investigation, the lieutenant at the station house read to him the description of the men wanted, was not improper as giving to the witness the province of the jury, as assuming that the description on the police blotter was a description of accused; there being no testimony as to what the description was, which was merely such description as the person robbed could give and which had been taken down at the police station.
    [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 417.*]

3. CRIMINAL LAW (§ 1169*)—APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.
    The eliciting on cross-examination of one of accused that a revolver and black-jack had been found in accused's bureau by officers, and his admission that they were his, and that he kept them in his drawer, explaining that they had been given to him by friends, whose names he disclosed, was not reversible error, where there was no request that the

jury be charged that possession of the weapons in accused's home was of itself no evidence of the commission of the crime with which accused were charged, and where it does not appear that the jury could have been influenced by the fact of such possession and the conviction as supported by abundant evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3137–3143; Dec. Dig. § 1109.*]

Jenks, P. J., and Rich, J., dissenting.

Appeal from Kings County Court.

Joseph Prince and another were convicted of robbery in the first degree, and they appeal. Affirmed on reargument.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, WOODWARD, and RICH, JJ.

Thomas Kelby, for appellants.

Peter P. Smith, Asst. Dist. Atty., and John F. Clarke, Dist. Atty., for the People.

HIRSCHBERG, J. The defendants have been convicted of robbery in the first degree and base their appeal on two exceptions to rulings made upon the trial. The case was submitted to the jury in a fair and impartial charge to which no exception was taken, and it cannot be asserted that their guilt was not conclusively established. The crime was committed at 25 minutes after 11 on the night of February 10, 1909. At that hour they entered the Twentieth street station of the Brooklyn Union Elevated Railroad Company; Miss Grace West, the ticket agent, being there alone in charge. The defendant Jaichetti held a revolver to the young lady's forehead while the defendant Prince stole the money then in the station. A third person, whose identity has not been established, accompanied the two but did not go into the room where Miss West was, he apparently remaining outside on the watch, and on the completion of the theft all three escaped. The two defendants were arrested on February 12th. They were seen by Miss West at the police station that night, and both were positively identified by her as the culprits. She testified that there was no doubt whatever in her mind that they were the two men who committed the robbery. She was corroborated as to the identity by another witness, Frank Latinsky, a cabinetmaker in New York, who chanced to be at the elevated station on the night of the robbery and saw the men running away. He also was at the police station on the night of the 12th, and testified positively that they were the same men. He was sure of their identity and felt that he could not be mistaken.

The defense was mainly a denial of their guilt by the two defendants, and their conviction should be affirmed unless a new trial is imperatively demanded by one or the other of the exceptions referred to. I see no error in either ruling which requires a reversal. The first relates to testimony elicited from the police officer who caused the arrest of the defendants. He was assigned to the case on the day following the robbery and was permitted to testify, over the defend-

ants' objection and exception, that before he started his investigation the lieutenant at the station house read to him the description of the men. It is gravely urged that this was giving to him the province of the jury, in the assumption that the description on the police blotter was a description of the two defendants. Not a word was testified as to what the description was, and the utmost that can be said of it is that such description as Miss West could give of her assailants was taken down at the police station and read to the officer assigned to make the arrest before he started to find the guilty persons. It would have been grossly improper if he had been sent out without first being informed of what the young lady knew in reference to the appearance of the men, and it is difficult to see how the defendants could be prejudiced by the mere fact that whatever description had been made .of them was read to or known by the officer.

The second exception relates to the reception in evidence of a revolver and black-jack which were found in the bureau drawer of the defendant Prince by the officers. The fact that they were found was elicited on the cross-examination of Prince. He admitted that they were his and that he had kept them in his bureau drawer, and claimed that they had been given to him by friends whose names he disclosed. There was no request made that the jury be instructed that the possession of the weapons in the defendant Prince's home was of itself no evidence of the commission of the crime with which the defendants were charged, and it is unreasonable to suppose that the jury could have been influenced in any degree by the fact of such possession. If it be claimed that there was something discreditable in the possession of the weapons, and that therefore the defendants may have been prejudiced thereby, the fact remains that it is not uncommon for persons guilty of heinous crimes to have had some slight blemish on their lives prior to the commission of the offenses, and, when they become witnesses in their own behalf, the flaw may be disclosed on cross-examination; but it can hardly be said that such a fact warrants the reversal of a conviction which is supported by abundant evidence, and which does not appear to have been effected in any degree by the criticised disclosure.

The judgment of conviction should be affirmed.

THOMAS and WOODWARD, JJ., concur.

RICH, J. I dissent, upon the ground that when the appellant Prince was on the witness-stand he was shown a club and black-jack and required, over the objection and exception of his counsel, to identify them as his and admit that the officers found them in his bureau drawer. This was error. The articles had nothing to do with the case. There is no evidence that the persons committing the crime had such articles in their possession. No evidence placed the possession of any weapon in the possession of Prince, and the only weapon claimed to have been used was the revolver in the possession of Jaichetti. It can hardly be said that the admission of the testimony did

not work injury to the defendants. This testimony may have been the controlling element in reaching the conclusion that the defendants were guilty of the crime, and the judgment of conviction ought to be reversed.

JENKS, P. J., concurs.